IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANYNESIA WEBB-MCWAINE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| BBVA USA D/B/A BBVA COMPASS, ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I.   INTRODUCTION

1.  This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race, stereotypes associated with sex, gender non-conformity, sexual orientation, pregnancy discrimination and retaliation against the Plaintiff, Tanynesia Webb-McWaine (hereinafter "Plaintiff"). This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, the Pregnancy Discrimination Act and the FMLA. In addition, Defendant is an employer within the meaning of the FMLA and employs fifty or more employees within a seventy-five mile radius. Plaintiff requests a trial by jury.

1

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3. Venue is proper in this Court.

## III. PARTIES

4. Plaintiff is an African American female. Plaintiff is a citizen of the United States and a resident of Pleasant Grove, Alabama.

5. Defendant, BBVA USA d/b/a BBVA Compass, ("Defendant" or "BBVA") is a corporation doing business in Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## IV. ADMINISTRATIVE PROCEDURES

6. Plaintiff hereby adopts and re-alleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

7. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at BBVA.

8. This action seeks to redress unlawful employment practices resulting from

the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

9. On December 17, 2018, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

10. Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on August 23, 2019, and Plaintiff filed suit within ninety (90) days of receipt of her Notice of Right to Sue. (Exhibit B).

11. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## V.   STATEMENT OF FACTS

12. Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

13. Plaintiff, Tanynesia Webb-McWaine, is an African American female and a lesbian.

14. Plaintiff has been discriminated against because of her race, gender, stereotypes associated with her sex, her non-conformity therewith, and her retaliated against.

15. Plaintiff began employment with the Defendant in or around July 2016, as a Corporate Security Console Operator Level 1.

3

16. Plaintiff was a good employee and qualified to hold her position with Defendant.

17. In July 2018 Plaintiff received a company award for her job performance.

18. On or about June 2017, Plaintiff's Shift Leader Mateen Hameen was made aware of Plaintiff's sexual orientation, lesbian.

19. After Mr. Hameen learned about Plaintiff's sexual orientation, he treated her differently and was openly hostile toward her. Mr. Hameen would curse at Plaintiff and talk to her in a degrading manner.

20. Mr. Hameen made offensive comments to Plaintiff such as, "I'm not going to let no pussy get me fired."

21. In March 2018, Plaintiff was pregnant and in May 2018, she informed the Defendant of her pregnancy.

22. After learning of Plaintiff's pregnancy, Mr. Hameen's harassment, offensive and discriminatory conduct toward Plaintiff got worse.

23. In addition to making offensive comments regarding Plaintiff's gender, Mr. Hameen began making derogatory and offensive remarks to Plaintiff about her pregnancy such as, "Pregnant women are fat" and "you are getting ready to split wide open."

24. On or about July 2018, Plaintiff and another African American female employee complained to the Console Manager, Dewadrick Baldwin, about Mr.

4

Hameen's harassing, discriminatory, and offensive remarks towards them.

25. Mr. Baldwin held an office meeting and told the employees to all respect each other, however nothing changed and Mr. Hameen continued to make harassing, discriminatory and offensive comments to Plaintiff and he continued to harass the Plaintiff and treat her differently.

26. Plaintiff went on maternity leave/FMLA on or about October 12, 2018.

27. In late-November 2018, Plaintiff made arrangements with her Supervisor, Perry Richie, and Mr. Baldwin, for Plaintiff to be placed temporarily on day shift upon her return from maternity leave and FMLA leave.

28. On or about December 4, 2018, Plaintiff had a meeting with Mr. Richie and he informed Plaintiff that she would be placed on day shift temporarily, but that she would not be allowed to adjust her hours on that shift.

29. In this meeting with Mr. Richie, Plaintiff complained to him about Mr. Hameen's harassing, discriminatory and offensive comments and treatment. Plaintiff was under the impression that Mr. Baldwin had already informed Mr. Richie about Plaintiff's complaints, but Mr. Richie stated this was his first time hearing about these complaints.

30. Mr. Richie informed Plaintiff, "someone would lose their job over this."

31. On or about December 12, 2018, Plaintiff was asked to join in on a phone conference with Mr. Richie's supervisor, Sam Gonzales, as well as with the

Human Resources Manager.

32. During this phone conference Plaintiff was informed that her position was being discontinued and that, due to her tenure, Plaintiff was being terminated as of December 28, 2018.

33. Plaintiff was terminated within weeks of her return to work after taking FMLA leave for the birth or her child.

34. Plaintiff believes her termination was in retaliation for Plaintiff complaining about Mr. Hameen, and for asking for a temporary change of shift in order to provide daycare for her newborn.

35. Plaintiff has been unjustly harassed and treated differently because of her race and because of her gender, sex, sexual orientation, her non-conformity with gender stereotypes and her personal associations.

36. The Defendant has a habit and/or practice of allowing and condoning discrimination based on sexual orientation and gender discrimination against its employees. The Defendant has a custom of discriminating against employees based on sexual stereotypes and non-conformity therewith and personal associations.

## VI. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII CLAIMS OF GENDER/SEX**

6

**DISCRIMINATION AGAINST DEFENDANT**

37. Plaintiff adopts and realleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Plaintiff is female and a lesbian.

39. Plaintiff has been discriminated against because of her gender, female, sexual orientation, stereotypes associated with her sex and gender, and her non-conformity therewith.

40. Plaintiff's sexual orientation, stereotypes associated with Plaintiff's sex, non-conformity therewith, her personal associations and Plaintiff's gender were substantial or motivating factors in Defendants' unlawful and adverse treatment of Plaintiff.

41. Plaintiff was subjected to discriminatory terms and conditions of employment and terminated because of her sexual orientation, stereotypes associated with Plaintiff's sex and her gender and non-conformity therewith.

42. Plaintiff was discriminated against based on her personal associations, including her specific relationship to her male partner.

43. Plaintiff has been unjustly harassed, discriminated against and treated differently because of her gender, sex, sexual orientation, her non-conformity with gender stereotypes and her personal associations.

44. Plaintiff's sexual orientation, stereotypes associated with Plaintiff's sex,

non-conformity therewith, her personal associations and Plaintiff's gender are substantial or motivating factors in Defendant's unlawful and adverse treatment of Plaintiff.

45. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of her employment.

46. Defendant failed to properly and/or adequately train its employees on its purported anti-discrimination/anti-harassment policies and reporting procedures.

47. Defendant's dissemination of any anti-discrimination/anti-harassment policies and reporting procedures has been ineffective.

48. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

49. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended.

50. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

51. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

52. Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

53. Plaintiff has suffered embarrassment, humiliation, shame, damage to her reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964";

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, costs; and,

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S PREGNANCY DISCRIMINATION CLAIMS AGAINST DEFENDANT

54. Plaintiff adopts and realleges paragraphs one (1) through fifty-three (53) as if fully set forth herein.

55. Plaintiff was pregnant during her employment and took medical leave for the birth of her child.

56. Plaintiff was subjected to harassment, derogatory comments about her pregnancy, and discriminated against.

57. Plaintiff has been discriminated against because of her pregnancy.

58. Plaintiff's pregnancy was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

59. Plaintiff was subjected to discriminatory terms and conditions of employment and terminated because of her pregnancy.

60. Plaintiff has been unjustly harassed, discriminated against and treated differently because of her pregnancy.

61. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of her employment including, but not limited to termination.

62. Defendant failed to properly and adequately train its employees on its purported policies regarding pregnancy discrimination.

63. Defendant's dissemination of any policies and reporting procedures related to pregnancy discrimination has been ineffective.

64. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

65. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and the Pregnancy Discrimination Act.

66. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

67. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.

68. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

69. Plaintiff has suffered embarrassment, humiliation, shame, damage to her reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and the Pregnancy Discrimination Act;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and the Pregnancy Discrimination Act;

c. Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, costs; and,

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

### STATEMENT OF PLAINTIFF'S CLAIMS PURSUANT TO FMLA

70. Plaintiff adopts and realleges paragraphs one (1) through sixty-nine (69) as if

fully set forth herein.

71. In October 2018, Plaintiff applied for and was approved to take FMLA leave for the birth of her child.

72. On December 28, 2018, within weeks of Plaintiff's return from FMLA leave, she was terminated.

73. At all relevant times hereto, Plaintiff has been an eligible employee pursuant to the FMLA.

74. Defendant is an employer within the meaning of the FMLA and employs fifty or more employees within a seventy-five mile radius.

75. Defendant disciplined Plaintiff because of her approved FMLA leave, discriminating and retaliation against Plaintiff.

76. Defendant terminated Plaintiff on or about December 28, 2018, and discriminated against Plaintiff and retaliated against Plaintiff in violation of the FMLA.

77. Defendant has discriminated against Plaintiff in violation of the FMLA because Plaintiff exercised her rights under the FMLA in violation of the FMLA by disciplining and terminating Plaintiff and discriminating and retaliating against Plaintiff.

78. Defendant's actions as described herein are willful.

79. As a result of Defendant's unlawful actions as herein described, Plaintiff has

suffered lost wages, salary, employment benefits and/or other compensation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act;

b.   Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the Family Medical Leave Act;

c.   Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, lost wages, backpay, frontpay, liquidated damages, interest, attorney fees, expenses, costs; and

d.   Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT FOUR

### PLAINTIFF'S RACE DISCRIMINATION CLAIMS AGAINST DEFENDANT

80. Plaintiff adopts and realleges paragraphs one (1) through seventy-nine (79) as if fully set forth herein.

81. Plaintiff, Tanynesia Webb-McWaine, is an African American female.

82. Plaintiff has been discriminated against because of her race, African American.

83. Plaintiff began employment with the Defendant in or around July 2016, as a Corporate Security Console Operator Level 1.

84. Plaintiff was a good employee and qualified to hold her position with Defendant and in July 2018 Plaintiff received a company award for job performance.

85. Plaintiff has been unjustly harassed and treated differently because of her race, African American.

86. The Defendant has a habit and/or practice of allowing and condoning discrimination based race against its employees.

87. Defendant has subjected Plaintiff to racial discrimination.

88. Plaintiff has been unjustly disciplined, harassed, discriminated against, treated differently, denied pay, denied benefits, denied time off, and been unjustly disciplined by Defendant because of her race, African American.

89. Defendant has a habit and/or practice of discriminating against African-Americans, harassing African Americans and condoning and/or allowing racial discrimination and a racially hostile environment.

90. Supervisors and managers employed by Defendant have engaged in these discriminatory and unlawful practices, were aware these unlawful practices by

other employees, or encouraged and/or condoned these unlawful practices.

91. Defendant failed to train its employees on its purported anti-discrimination/anti-harassment policies and reporting procedures.

92. Defendant's dissemination of any anti-discrimination/anti-harassment policies and reporting procedures has been ineffective.

93. Plaintiff has been directly affected by the racially discriminatory and racially harassing practices described in this Complaint.

94. Defendant's conduct and the conduct of its employees has been so severe or pervasive as to create a racially harassing and discriminatory working environment to which Plaintiff was subjected.

95. Defendant knew or should have known of the racial discrimination and racial harassment Plaintiff was forced to endure.

96. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination Plaintiff has been forced to endure.

97. Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

98. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, attorney's fees, expenses, costs, injunctive relief, and declaratory

judgment is his only means of securing adequate relief.

99. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c. Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), interest, attorney's fees, expenses, costs; and

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

/s/ Cynthia Forman Wilkinson

CYNTHIA FORMAN WILKINSON
State Bar I.D. No. ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd., Suite 301
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

BBVA USA d/b/a BBVA COMPASS
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104